836 A.2d 2

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Bradley D. HACKENBERGER, Appellant.**

Supreme Court of Pennsylvania.

Argued May 14, 2003.

Decided Nov. 19, 2003.

David Wald Barron, Lewistown, for Bradley D. Hackenberger, appellant.

Andrew L. Winder, Mifflintown, for the Com. of PA, appellee.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION

Justice NIGRO.

We granted allowance of appeal in order to determine whether it is permissible to apply the deadly weapon enhancement provision [1] of the Sentencing Guidelines [2] to a conviction for cruelty to animals.[3] For the following reasons, we affirm the order of the Superior Court.

1. 204 Pa.Code § 303.10(a).

2. 204 Pa.Code §§ 303.1–303.18.

3. 18 Pa.C.S. § 5511.

On March 23, 2000, at approximately noon, Mike Meiser let Chief, his two year-old yellow Labrador retriever, out of his home in Thompsonville. Although the dog usually stayed close to the Meisers' home when it was let out, it strayed from the property on this day, as three Pennsylvania Power & Light ("PP&L") workers subsequently observed the dog roaming around the area where they were working near Route 235, almost one-half mile away from the Meisers' home. According to the PP&L workers, they last observed Chief walking away from them and across Route 235 toward two houses. They next noticed Chief a short time later, when they heard approximately five shots and saw the dog running back toward them.[4] Just as Chief was about to cross the street, the dog yelped and flinched, and as it crossed the street, it yelped and flinched a second time. The dog then dragged itself up the driveway of a home along the road and collapsed, dead.

Appellant Bradley Hackenberger, who lived along Route 235 near the scene of the shooting, subsequently called the sheriff to report that he had shot a dog. According to Appellant, the dog, who he believed to be rabid, had attacked him and his cocker spaniel Lucky. As a result of the shooting, Appellant was charged with a second-degree misdemeanor for cruelty to animals.[5]

At his jury trial, Appellant did not contest that he had shot and killed Chief, but rather, claimed that he had done so in self-defense. The jury nonetheless found Appellant guilty as charged. Although a second-degree misdemeanor conviction for cruelty to animals typically carries no jail time,[6] the trial

4. One of the workers actually saw a man firing a rifle at Chief as the dog attempted to cross the street.

5. Specifically, Appellant was charged with violating 18 Pa.C.S. § 5511(a)(1)(i), which provides in relevant part: "A person commits a misdemeanor of the second degree if he willfully and maliciously ... [k]ills, maims or disfigures any domestic animal of another person...." *Id.*

6. *See* 55 Pa.C.S. § 5511(a)(1) ("Any person convicted of [a misdemeanor in the second degree for cruelty to animals] shall be sentenced to pay a fine of not less than $500."). Following the shooting in the instant case, the General Assembly enacted section 5511 to upgrade the offense of cruelty to a dog or cat to a misdemeanor in the first degree, which

court, over Appellant's objection, applied the sentencing enhancement for use of a deadly weapon, 204 Pa.Code § 303.10(a)(2), and consequently sentenced Appellant to a term of imprisonment of six months to two years less one day. On appeal, the Superior Court affirmed Appellant's judgment of sentence, holding that the plain language of the enhancement provision allowed for its application to Appellant's conviction for cruelty to animals.[7]  795 A.2d 1040 (Pa.Super.2002). We granted Appellant's petition for allowance of appeal, 570 Pa. 695, 809 A.2d 902 (2002) (mem.), and now affirm.

██  Instantly, Appellant appears to contend that the use of a deadly weapon sentencing enhancement provision does not apply to a conviction for cruelty to animals because the purpose behind the provision is to punish only those offenses in which the defendant has used a deadly weapon against *persons*.  The Commonwealth essentially counters that the purpose behind the provision is immaterial because the provision's plain language permits its application to any offense in which the defendant has used a deadly weapon to commit the crime, as long as possession of a deadly weapon is not an element of the offense itself.  We agree with the Commonwealth.

The sentencing enhancement for use of a deadly weapon provides:

> (2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offenses, the court shall consider the DWE/Used Matrix (§ 303.18).  An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual *or in the furtherance of the crime:*

now carries a maximum term of imprisonment of two years.  *See id.* § 5511(a)(2.1)(ii) ("Any person convicted of [a misdemeanor in the first degree for cruelty to a dog or cat] shall be sentenced to pay a fine of not less than $1000 or to imprisonment for not more than two years, or both.").

7.  President Judge Del Sole dissented, arguing that the enhancement was intended to apply only to penalize the use of a deadly weapon in order to harm a person.

(i) Any firearm ... whether loaded or unloaded, or

(ii) Any dangerous weapon ..., or

(iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa.Code. § 303.10(a)(2) (emphasis added and citations omitted). The provision further provides that the enhancement "*shall* apply to each conviction offense for which a deadly weapon is possessed or used." *Id.* § 303.10(a)(4) (emphasis added). However, it specifically excludes those "offense[s] for which possession of a deadly weapon is an element of the statutory definition," including, but not limited to, possessing an instrument of crime, prohibited offensive weapons, possessing a weapon on school property, possessing a firearm or other dangerous weapon in a court facility, simple assault, aggravated assault, and violating the Uniform Firearms Act.[8] *Id.* § 303.10(a)(3).

In general, when construing a particular provision of a statute, our goal is to ascertain and effectuate its intent.[9] 1 Pa.C.S. § 1921(a). However, when the words of the provision are "clear and free from all ambiguity," we may not disregard those words under the pretext of pursuing its spirit. *Id.* § 1921(b).

Here, the clear and unambiguous language of the enhancement provision for use of a deadly weapon directs the trial

---

**8.** 18 Pa.C.S. § 6106 *et seq.*

**9.** Although the Sentencing Commission ("the Commission"), rather than the General Assembly itself, directly adopts the Sentencing Guidelines ("the Guidelines") and thus they are not statutes *per se*, the Guidelines nevertheless retain a legislative character, as the General Assembly may reject them in their entirety prior to their taking effect, subject, of course, to gubernatorial review. *See* 42 Pa.C.S. § 2155 (detailing the legislative rejection process for the Guidelines). *See also Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775, 782 (1987) (interpreting § 2155 to require presentment of the General Assembly's rejection resolutions in order to pass constitutional muster). Moreover, the General Assembly itself has designated the Commission as a legislative agency. *See* 42 Pa.C.S. § 2151(a) ("The Pennsylvania Commission on Sentencing shall be established as an agency of the General Assembly...."). *See also Sessoms*, 532 A.2d at 780 (concluding that the Commission is a legislative agency). Thus, we find the standard rules of statutory construction applicable here.

court to apply the enhancement when the defendant has used a deadly weapon "in furtherance of the crime." 204 Pa.Code § 303.10(a)(2). The provision then lists certain offenses that are excluded from its reach. *Id.* § 303.10(a)(3). There is simply nothing that is unclear or ambiguous about this provision. As such, Appellant's perceived purpose behind the provision is immaterial.

Applying the plain language of the enhancement provision here, it is clear that the provision is applicable to Appellant. Throughout the instant case, Appellant has not contested that he used a rifle, which is unquestionably a deadly weapon under section 303.10(a)(2)(i), to shoot and kill the dog. *See* 303.10(a)(2)(i) (defining a deadly weapon as "a firearm ... whether loaded or unloaded"). The jury at Appellant's trial determined that the dog killing constituted the crime of cruelty to animals, which is not one of the crimes excluded from the reach of the enhancement provision, as cruelty to animals clearly is not one of the specifically excluded offenses, nor does it require "possession of a deadly weapon as an element of the statutory definition." *Id.* § 303.10(a)(3); *see* 18 Pa.C.S. § 5511(a) (defining cruelty to animals as, *inter alia,* the willful and malicious killing of a domestic animal belonging to another person). As such, the trial court was not prohibited from applying the sentencing enhancement for use of a deadly weapon to Appellant's conviction for cruelty to animals and therefore, the Superior Court properly affirmed Appellant's judgment of sentence. The order of the Superior Court is affirmed.

Justice CASTILLE files a Dissenting Opinion in which Chief Justice CAPPY joins.

Justice CASTILLE, dissenting.

I respectfully dissent. Because the grounds for my disagreement with the Majority have been aptly stated in the learned concurring and dissenting opinion by President Judge Joseph A. Del Sole of the Superior Court below, I adopt that opinion as the basis for my view:

I read the provision in question to proscribe the use of a weapon where its intended purpose is directed toward harming an individual, not an animal. No matter how much empathy one may have for an animal killed for no justifiable reason, I remain of the view that this provision was enacted to penalize someone for possessing or utilizing a deadly weapon intended to do harm to a person. There was no evidence presented in this case that any individual was placed at risk due to Appellant's conduct. Because I believe the objective of the enhancement provision is to punish wrongs against humanity, and not nature or animals, I would remand this matter for resentencing without application of the deadly weapon enhancement.

*Commonwealth v. Hackenberger*, 795 A.2d 1040, 1048 (Pa.Super.2002) (Del Sole, P.J., concurring and dissenting).

Chief Justice CAPPY joins this dissenting opinion.