J-S17003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX FRIAS-PEREZ | |
| Appellant | No. 1549 MDA 2013 |

Appeal from the Judgment of Sentence July 29, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001206-2013

BEFORE: GANTMAN, P.J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 05, 2014**

Felix Frias-Perez appeals from the judgment of sentence imposed by the Court of Common Pleas of Berks County after he pled guilty to driving under the influence of alcohol.[1] After careful review, we affirm.

The underlying facts of this case are not in dispute. On January 20, 2013, Corporal Thomas Link of the Laureldale Police Department saw Frias-Perez driving a minivan the wrong way down a one-way street. An adult male and a seven-year-old child were also in the vehicle. The officer pulled over the minivan and noticed that Frias-Perez had alcohol on his breath and bloodshot eyes. The officer administered three field sobriety tests, two of which Frias-Perez failed. After Frias-Perez was informed of the implied

_____

[1] 75 Pa.C.S. § 3802(b).

consent law, he signed a form agreeing to have his blood drawn and tested for the presence of alcohol. Testing revealed a blood alcohol concentration of 0.16%.

On July 29, 2013, Frias-Perez entered an open plea to violation of section 3802(b) of the Vehicle Code, which provides:

> (b) High rate of alcohol. – An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b).

Immediately following entry of the guilty plea, the trial court sentenced Frias-Perez to forty-eight consecutive hours' to eighteen months' incarceration. On July 30, 2013, Frias-Perez filed a post-sentence motion arguing that the sentence was excessive. Following argument on July 31, 2013, the trial court denied the motion.

Frias-Perez filed a timely notice of appeal on August 28, 2013. On September 23, 2013, he filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which he asserted that his sentence was illegal. On October 15, 2013, the trial court issued its Rule 1925(a) opinion, agreeing with Frias-Perez's position, and requesting that this Court vacate the sentence.

The sole issue raised on appeal is whether the trial court's maximum sentence of eighteen months of incarceration was illegal, where six months

- 2 -

of incarceration was the maximum possible sentence pursuant to 75 Pa.C.S. § 3803(b)(1) and (5), for a first conviction for driving under the influence under 75 Pa.C.S. § 3802(b), notwithstanding the grading of the offense as a misdemeanor of the first degree.

As an initial matter, the Commonwealth argues that Frias-Perez waived his right to challenge the legality of his sentence on appeal because he did not raise the issue in his post-sentence motion. However, it is well settled that "as long as the Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived." ***Commonwealth v. Musau***, 69 A.3d 754 (Pa. Super. 2013) (citation omitted). Accordingly, we reach the merits of the issue.[2]

Grading of the offense of driving under the influence is governed by section 3803 of the Vehicle Code, which provides, in relevant part:

> **§ 3803.    Grading**
>
> **(b)  Other offenses. –**
>
> > (1)   An individual . . . who violates section 3802(b) . . . and who has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.

_____

[2] Because issues relating to the legality of sentencing are questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Clarke***, 70 A.3d 1281, 1284 (Pa. Super. 2012).

* * *

  (5) An individual who violates section 3802 where a minor under 18 years of age was an occupant in the vehicle when the violation occurred commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803.

  Frias-Perez argues that our decision in **Musau**, **supra** controls the outcome of the instant matter. We disagree. Musau was convicted of DUI (general impairment), 75 Pa.C.S. § 3802(a)(1), graded as a first-degree misdemeanor because he refused to submit to chemical testing and had a prior DUI conviction. **See** 75 Pa.C.S. § 3803(b)(4). The court sentenced Musau to ninety days' to five years' incarceration.[3] On appeal, Musau challenged the legality of his sentence, and this Court agreed.

  In **Musau**, we looked to section 3803 of the Vehicle Code, which provides:

  (a) Basic offenses. – *Notwithstanding* the provisions of subsection (b):

    (1) An individual who violates section 3802(a) (relating to driving under the influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

* * *

_____

[3] Five years is the maximum period of incarceration for a first-degree misdemeanor pursuant to section 106(b)(6) of the Crimes Code, 18 Pa.C.S. § 106(b)(6).

(b)   Other offenses. –

* * *

(4)      An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803 (emphasis added).

Relying on the fact that section 3803(a) begins, "notwithstanding the provisions of subsection (b)," this Court held:

[T]he plain meaning of [section 3803], giving the words their ordinary meanings, indicates as follows:  regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment.

*Musau*, *supra* at 757.

Although *Musau* discusses several rules of statutory construction, the one it ultimately applied is that "words and phrases shall be construed  . . . according to their common and approved usage."  1 Pa.C.S. § 1903.  As an initial matter, we note that the plain meaning of section 3803(b)(1) is that a person who is found guilty of DUI - high rate of alcohol, and who has a maximum of one prior conviction, commits a misdemeanor but is subject only to a maximum term of six months' imprisonment.  *See* 75 Pa.C.S. § 3803(b)(1).  In contrast, a similarly-situated individual who commits the same offense while a minor is in the vehicle commits a first-degree misdemeanor, with no provision made for a six-month maximum term of imprisonment.  *See* 75 Pa.C.S. § 3803(b)(5).  Frias-Perez asserts that a

conflict exists between these two subsections.  Assuming that a conflict does exist, our Court held in *Musau*:

> [I]f two statutes appear to conflict, they are to be construed by giving effect to both when possible.  When the conflict between the provisions cannot be reconciled, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

*Musau*, *supra* at 756 (citations and quotations omitted).

Here, the general provision, section 3803(b)(1), was enacted September 30, 2003, and became effective February 1, 2004.  The more specific provision, section 3803(b)(5), which eliminates the lenient six-month maximum sentence for an individual convicted of DUI where a minor was an occupant of the vehicle, was enacted May 8, 2012, and became effective July 9, 2012.  Accordingly, unlike the provisions in *Musau*, section 3803(b)(5) was enacted more recently than section 3803(b)(1), indicating the legislature's intent to modify the more general terms of section 3803(b)(1), which had been in effect for more than eight years.  Clearly, the legislature made a policy decision to impose more severe sanctions on those who endanger children by operating a vehicle while impaired.  Section 3803 carries out that legitimate objective.

Accordingly, the trial court did not err in sentencing Frias-Perez to a sentence of forty-eight consecutive hours' to eighteen months' incarceration.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2014