J-S69031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: L.V., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.M., MOTHER | No. 1531 EDA 2015 |

Appeal from the Order Entered April 16, 2015,
in the Court of Common Pleas of Philadelphia County, Juvenile
Division, at No(s): 51-FN-002320-2014,
CP-51-DP-0002528-2014

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED December 18, 2015**

R.M. ("Mother") appeals from the permanency review order entered on April 16, 2015, in the Court of Common Pleas of Philadelphia County. After careful review, we quash the appeal.

A prior panel of this Court summarized the relevant facts and procedural history of this matter:

> [L.V. ("Child") was born in March 2014 and is the daughter of Mother and D.V. ("Father")]. On October 19, 2014, Mother and Father brought Child to the Emergency Department at Children's Hospital of Philadelphia ("CHOP"), where it was discovered that Child had suffered numerous injuries, some of which were [life threatening]. Mother reported that Child had been in the care of Father that day, while Mother was at work. Father initially claimed that Child rolled off of a bed while he was in the shower. However, Father later admitted that he hit Child. Father was arrested and incarcerated as a result of Child's injuries.
>
> [The Philadelphia Department of Human Services ("DHS")] obtained an order of protective custody with respect to Child on October 27, 2014. A shelter care hearing was held on October 29, 2014, and Child's commitment to DHS was ordered to stand. DHS filed a dependency petition on

November 17, 2014, and a dependency hearing was held on March 17, 2015. . . . Following the hearing, the trial court entered its order adjudicating Child dependent, providing that Mother had committed "child abuse" pursuant to the [Child Protective Services Law, 23 Pa.C.S.A. §§ 6301-6386], and providing that Mother's visits with Child would remain suspended. The court also entered its order finding aggravated circumstances and indicating that DHS need not provide reunification services. [On April 13, 2015,] Mother [] filed a notice of appeal [from the trial court's March 17, 2015 orders].[1]

*In re L.V.*, ___ A.3d ___, 2015 WL 7074569 at 2-3 (Pa. Super. 2015) (internal footnotes and citations omitted).

On April 16, 2015, the trial court held a permanency review hearing. During the hearing, counsel for Mother asked that she be allowed to call a witness. N.T. Hearing, 4/16/2015, at 5. The court asked for an offer of proof, and counsel responded that she would be presenting testimony concerning "what [M]other has been doing since November, for the record. And we would ask for a reinstatement of the visits and medical appointments." *Id.* Counsel for DHS insisted that it would be improper for the court to hear testimony on these issues, because "the [c]ourt does not have jurisdiction since this has been raised with the Superior Court and was not filed as a motion for reconsideration." *Id.* at 6. The court agreed with counsel for DHS, stating that, "since it is on appeal . . . it's now up to the Superior Court." *Id.* at 8. Counsel for Mother responded, "it's my belief that . . . the [c]ourt has the jurisdiction to continue dependency proceedings

---

[1] On November 12, 2015, this Court affirmed the trial court's March 17, 2015 orders.

and make decisions on dependency issues" and, "I would just like to make a record of what mom has done or has not done." *Id.* The court reaffirmed its belief that it lacked jurisdiction, "[u]nless there's something I have to act on today, some kind of an emergency." *Id.* at 9. The trial court indicated that Mother's issues would be addressed "at the next hearing." *Id.* Following the hearing, the trial court entered the subject permanency review order. The order provided that the court's previous order would stand, and that a status hearing would take place on June 19, 2015. Mother filed a motion for reconsideration on April 20, 2015, which the court did not address. Mother then filed a notice of appeal on May 15, 2015, along with a concise statement of errors complained of on appeal.

Mother now raises the following issues for our review.

> [1.] Whether the trial court erred and/or abused its discretion in finding the trial court lacked jurisdiction, except in emergency situations, since an appeal had been filed[?]
>
> [2.] Whether the trial court erred and/or abused its discretion in precluding [Mother] from testifying or providing evidence[?]
>
> [3.] Whether the trial court erred and/or abused its discretion in refusing to hear any testimony concerning . . . Mother in making a determination of what is in [C]hild's best interest[?]
>
> [4.] Whether the trial court erred and/or abused its discretion by refusing to hear any testimony as to reinstatement of Mother's visits and contact with [C]hild thus precluding a determination of what is in [C]hild's best interests[?]

Mother's Brief at 5.

- 3 -

While Mother lists four separate issues in her statement of questions involved, she combines these issues into a single argument section in her brief. Mother contends that the trial court concluded incorrectly that it lacked jurisdiction to address Mother's request for visits with Child, and that the court's refusal to hear testimony concerning Mother's efforts at reunification prevented the court from reaching a decision that was in the best interest of Child. *Id.* at 9-10.

Before reaching the merits of Mother's argument, we first must consider whether the April 16, 2015 permanency review order was appealable. "This question, which implicates our jurisdiction, may properly be raised by the court *sua sponte.*" **In re W.H.**, 25 A.3d 330, 334 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. Super. 2011), *citing* **Mensch v. Mensch**, 713 A.2d 690, 691 (Pa. Super. 1998).

It is well-settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." **Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. **See** Pa.R.A.P. 341(b). A permanency review order is final when entered if that order changes a child's permanency goal, or denies a request that the permanency goal be changed.[2] **See In re H.S.W.C.-B.**, 836 A.2d

---

[2] The Juvenile Act provides that, generally, courts must conduct permanency review hearings every six months after a child has been removed from the care of his or her parent, guardian, or custodian. 42 Pa.C.S.A. § 6351(e)(3)(i)(A). These hearings take place "for the purpose of determining or reviewing the permanency plan of the child, the date by

- 4 -

908, 911 (Pa. 2003) ("An order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final when entered.").

In this case, the April 16, 2015 permanency review order did not change Child's permanency goal, grant or deny a request for a goal change, or otherwise dispose of all claims and all parties. Instead, it provided merely that the court's previous order would stand, and scheduled a status hearing for June 19, 2015. It is apparent that the trial court and the parties contemplated further proceedings, and that Mother will be permitted to present testimony at a later date. In the event the trial court enters a final order in this matter, Mother will be permitted to appeal at that time. However, because the instant permanency review order is not a final order, we are currently without jurisdiction to entertain Mother's claims.

Additionally, we observe that the April 16, 2015 permanency review order is not appealable as a collateral order. *See* Pa.R.A.P. 313(a) (providing that an appeal may be taken as of right from a collateral order of a lower court). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be

---

which the goal of permanency for the child might be achieved and whether placement continues to be best suited to the safety, protection and physical, mental and moral welfare of the child." 42 Pa.C.S.A. § 6351(e)(1). Following a permanency review hearing, the court must enter an order providing for the "continuation, modification or termination of placement or other disposition which is best suited to the safety, protection and physical, mental and moral welfare of the child." 42 Pa.C.S.A. § 6351(g).

- 5 -

denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Here, the trial court's decision to postpone testimony concerning Mother's efforts at reunification is not an issue "separable from and collateral to the main cause of action" in Child's dependency matter. Rather, Mother's efforts at reunification are "the main cause of action" in this case. Moreover, Mother's right to present testimony will not be irreparably lost if our review of this matter is postponed until final judgment. As noted *supra*, the trial court indicated that Mother's testimony "will be heard at the next hearing." N.T. Hearing, 4/16/2015, at 9.[3]

Thus, the subject permanency review order is not a final order pursuant to Pa.R.A.P. 341(b), nor is it a collateral order pursuant to Pa.R.A.P. 313(b).[4] Accordingly, this Court lacks jurisdiction to consider Mother's claims, and the appeal must be quashed.

---

[3] We acknowledge that a panel of this Court recently reviewed two arguably similar orders in *In re J.A.,* 107 A.3d 799 (Pa. Super. 2015). Specifically, this Court reviewed a March 27, 2014 order which appointed J.A.'s *guardian ad litem* as J.A.'s "medical guardian." *Id.* at 806. This Court also reviewed a June 18, 2014 shelter care order which removed J.A. from her mother's physical custody. *Id.* at 808. J.A.'s mother challenged that order on the basis that the juvenile court had improperly refused to entertain testimony in support of the mother regaining her medical decision-making rights while the March 27, 2014 order was on appeal. *Id.* at 802. The panel in *J.A.* did not address the appealability of those orders, and we do not find that case instructive in the instant matter.

[4] We also observe that the order is not an interlocutory order appealable as of right, pursuant to Pa.R.A.P. 311, and that Mother did not attempt to bring

- 6 -

Appeal quashed.

Judgment Entered.

_JosephD.Seletyn,Esq._
JosephD.Seletyn,Esq.
Prothonotary

Date: 12/18/2015

---

this appeal before the Court as an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702.