J-S19021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
   v.   :
   :
   :
EVAN CASTELLANOS,   :
   :
   Appellant.   :   No. 1806 EDA 2018

Appeal from the PCRA Order Entered, June 1, 2018,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-CR-0001114-2015.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED JUNE 24, 2019**

Evan Castellanos appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  Castellanos' counsel has filed a motion to withdraw.   We affirm the order denying Castellanos' PCRA petition and grant counsel's motion.

In disposing of Castellanos' direct appeal, we quoted the trial court summary of the pertinent facts and procedural history as follows:

> [O]n January 22, 2016, at a pretrial conference prior to the February Criminal Trial list, [Castellanos] entered a negotiated guilty plea to one count of criminal attempt to commit homicide, graded as a first-degree felony.  The guilty plea included a sentence bargain of 16 to 35 years' imprisonment.  At the time of the negotiated plea, this Court inquired as to the applicable sentencing guideline ranges. Guilty Plea Counsel informed the Court that, using the [basic] sentencing matrix [with an offense gravity score (OGS) of 14 and a prior record score (PRS) of 1] the standard guideline was 84 months to the statutory limit –

_____

*   Retired Senior Judge assigned to the Superior Court.

[480] months. [Castellanos pled guilty to attempt to commit homicide resulting in serious bodily injury. Accordingly, the statutory maximum is forty years. 18 Pa.C.S.A. § 1102(c).] However, the [Commonwealth] noted that the deadly weapon used matrix was applicable. Under the deadly weapon used matrix, with the same OGS and PRS, the guidelines increased to 102 months to the statutory limit. Therefore, the sentence bargain of 16 years (192 months) to 35 years (420 months) was within the standard range.

The Court went through a detailed guilty plea colloquy with [Castellanos] prior to accepting the plea as free and voluntary. We also accepted the written guilty plea colloquy which was purported to have been [filled] out and signed by [Castellanos].

The [Commonwealth] summarized the fact pattern – [Castellanos] drove to the victim's residence in Bethlehem and invited the victim to come outside to meet with him while [Castellanos] sat in the passenger seat of the car. When the victim came out of the house and approached the automobile, [Castellanos] extended his arm out of the window and shot the victim in the chest with a .357 revolver. [Castellanos] fled the scene and was on the run until he was apprehended in Florida and extradited to Northampton County. After [Castellanos] heard the recitation by the Commonwealth and acknowledged that it was an accurate statement as to his crime, the Court asked several follow-up questions including a general inquiry as to the motive for the shooting of the victim who allegedly had been [Castellanos'] friend. [Castellanos] volunteered that he shot the victim because "[the victim] had raped a girl named Jordan".

The Court also informed [Castellanos] that his guilty plea was expected to be a final resolution in this matter.

[Castellanos] answered all the Court's questions raised during the guilty plea proceeding. Clearly, his responses indicated that his plea was free and voluntary and that no one had forced or coerced him to plead guilty. When the Court indicated that it was prepared to impose the sentence bargain contemporaneously with the guilty plea, guilty plea counsel asked if the Court would delay sentencing in order

> to give [Castellanos'] family time to come to Northampton County to participate at sentencing. That request was granted. We set sentencing for March 4, 2016.

***Commonwealth v. Castellanos***, 168 A.3d 368 (Pa. Super. 2017) (citation and footnote omitted), unpublished memorandum at 1-3.

On February 25, 2016, Castellanos filed a *pro se* motion to withdraw his guilty plea. Within this motion, he asserted several claims, including the fact that he was innocent, and that he did not understand and was unaware of the basic sentencing matrix. On February 29, 2016, the Commonwealth filed a response. The trial court denied Castellanos' *pro se* motion at the time of sentencing, and then imposed the negotiated sentence.

Castellanos filed a timely appeal to this Court in which he claimed that the trial court erred and abused its discretion in denying his presentence motion to withdraw his guilty plea because he had asserted his innocence. We agreed with the trial court's conclusion that Castellanos failed to establish a "plausible basis for his claim of innocence," and affirmed his judgment of sentence on March 30, 2017. ***See Castellanos***, unpublished memorandum at 7 (citing ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015)). Our Supreme Court denied Castellanos' petition for allowance of appeal on August 2, 2017. ***Commonwealth v. Castellanos***, 169 A.3d 1083 (Pa. 2017).

Castellanos filed a timely *pro se* PCRA petition on February 13, 2016. The PCRA court appointed counsel, and the PCRA court held an evidentiary hearing on May 7, 2018. Both Castellanos and his plea counsel testified. The sole issue raised by Castellanos at the hearing was his claim that plea counsel

was ineffective for inducing him to enter a guilty plea despite his desire to proceed to trial and raise the defense of duress.

At the close of testimony, the PCRA court directed the parties to file briefs in support of their respective positions. Instead of a brief, however, on May 14, 2018, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Given this filing, the Commonwealth did not file a brief. By order entered June 1, 2018, the PCRA court denied Castellanos' petition. The PCRA court also permitted PCRA counsel to withdraw. Castellanos filed a *pro se* appeal, and the PCRA court appointed counsel.[1] Both Castellanos and the PCRA court have complied with Pa.R.A.P. 1925.

In lieu of an advocate's brief, Castellanos' counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Compliance with **Anders** applies to counsel who seeks to withdraw from representation on direct appeal. **Anders** imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to the dictates of **Turner/Finley**. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Thus, we will assess counsel's assertion that the issue Castellanos wishes to raise has no merit under a **Turner/Finley** analysis.

---

[1] The PCRA court appointed counsel because it was unsure if Castellanos was still entitled to counsel to assist him on appeal once prior counsel was permitted to withdraw pursuant to **Turner/Finley**, *supra.*

This Court has summarized:

> The **Turner/Finley** decisions provide the manner for post[-]conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or [an] appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, **see Turner**, **supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]
>
> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed pro se or with a privately retained attorney[.]

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). Counsel has complied with the mandates of **Turner** and **Finley**, as summarized in **Reed**, **supra**. Thus, we must determine whether we agree with counsel's assessment of Castellanos' claim.

Castellanos wished to raise the following issue on appeal:

> Was trial counsel ineffective for failing to investigate the application of the Sentencing Guidelines Deadly Weapon Enhancement matrix that rendered the guilty plea not knowing, voluntary and intelligent and his silence and inaction amounts to manifest injustice?

***Castellanos'*** Brief at 12.[2]

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

Before addressing the merit of Castellanos' claim, we must determine if he properly preserved it for review. After reviewing the record, we agree with both Castellanos' counsel and the Commonwealth that Castellanos neither raised this claim in his PCRA petition nor as a basis for post-conviction relief at the PCRA hearing. Thus, Castellanos is inappropriately raising the claim for the first time on appeal. ***See Commonwealth v. Edmiston***, 851 A.2d 883, 889 (Pa. 2004) (explaining a claim that is not raised in PCRA petition is waived on appeal); ***see also*** Pa.R.A.P. 302(a).

Even had Castellanos properly preserved his ineffectiveness claim, the record refutes it. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-

---

[2] Castellanos has filed a *pro se* brief in which he argues this same issue.

determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533.

Our review of the record readily reveals that trial counsel was aware of the applicability of the deadly weapon used enhancement at the time Castellanos entered his guilty plea. *See* N.T., 1/22/16, at 15-16; *see also Commonwealth v. Hackenberger*, 836 A.2d 2, 4 (Pa. 2003) (holding that deadly weapon enhancement *must* be applied if trial court finds a deadly weapon was used during the perpetration of the crime). Moreover, any dispute "was of no merit, as the sentence bargain required a 192 month minimum sentence, easily within both matrixes." PCRA Court Opinion, 7/10/18, at 3.

In sum, we agree with PCRA counsel's assessment of Castellanos' claim. In addition, our independent review of the record reveals no other meritorious issue. *Reed*, *supra*. We therefore grant counsel's motion to withdraw, and affirm the PCRA court's order denying post-conviction relief.

Motion granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/24/19</u>