J-S55033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHAN ERNST | |
| Appellant | No. 571 EDA 2014 |

Appeal from the Judgment of Sentence January 8, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002990-2013

BEFORE:  BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 14, 2015**

Stephan Ernst appeals the judgment of sentence imposed January 8, 2014, in the Lehigh County Court of Common Pleas.  Ernst was sentenced to a term of three to 10 years' imprisonment following his guilty plea to one count of aggravated assault by vehicle while driving under the influence (DUI).[1]  His sole issue on appeal challenges the discretionary aspects of his sentence.  For the reasons that follow, we affirm.

On April 29, 2013, at approximately 2:00 a.m., Ernst was involved in a one-vehicle crash on Lehigh Street in Allentown.  Ernst was driving his vehicle at a speed of 75 mph, when he sideswiped a telephone pole, which

_____

[1] 75 Pa.C.S. § 3735.1.

caused the vehicle to spin, and, eventually, strike a traffic light.[2] **See** N.T., 11/18/2013, at 8-9. Ernst's passenger, Jason Labowski, was severely injured in the crash, and now suffers from C5 paraplegia and is confined to a wheelchair. Ernst's blood alcohol level was later determined to be .14. **Id.** at 9.

Ernst was subsequently arrested and charged with aggravated assault by vehicle while DUI, accidents involving death or personal injury while not properly licensed, DUI (two counts), reckless driving, exceeding maximum speed limits by 35 mph, and recklessly endangering another person (REAP).[3] On November 18, 2013, Ernst entered a negotiated guilty plea to one count of aggravated assault by vehicle while DUI. In exchange for the plea, the Commonwealth withdrew the remaining charges, and agreed to cap Ernst's minimum sentence at no more than three years' incarceration.[4] After accepting the plea, the trial court ordered a presentence investigation report (PSI) and scheduled a sentencing hearing for January 7, 2014.

At the sentencing hearing, the court indicated that it had reviewed the PSI, and proceeded to hear testimony from the victim and his family, who

_____

[2] The posted speed limit in the area is 40 mph. N.T., 11/18/2013, at 10.

[3] 75 Pa.C.S. §§ 3735.1, 3742.1, 3802(a)(1) and (b), 3736, and 3362, and 18 Pa.C.S. § 2705, respectively.

[4] The parties agreed during the hearing that the standard range of the guidelines called for a minimum sentence of six to 14 months' incarceration. N.T., 11/18/2013, at 2.

asked the court to impose the maximum sentence available. Ernst and members of his family testified on Ernst's behalf to express his remorse and ask for leniency. Ernst also provided the court with several character reference letters. At the conclusion of the hearing, the trial court imposed a sentence of three to 10 years' imprisonment. Acknowledging that the sentence exceeded the aggravated range of the sentencing guidelines, the trial court explained that it imposed a more severe sentence based upon the victim's impact statement and recommendation, as well as the fact that Ernst's actions "seriously injured the victim beyond that which is anticipated in the guidelines[.]" N.T., 1/7/2014, at 35. This timely appeal follows.[5]

The sole issue raised on appeal challenges the discretionary aspects of Ernst's sentence. Specifically, Ernst argues the trial court abused its discretion when it imposed an unreasonable sentence that exceeded the aggravated range of the guidelines, and when it failed to consider his remorse and efforts at rehabilitation.

A defendant's right to appeal the discretionary aspects of his sentence is not absolute. Rather, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal[.]"

---

[5] On February 14, 2014, the trial court ordered Ernst to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Ernst complied with the court's directive and filed a concise statement on March 2, 2014.

***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). Here, Ernst filed a timely notice of appeal, and included in his appellate brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). However, our review of both the docket entries and the certified record reveals no post sentence motion filed by Ernst to preserve his sentencing claim. Moreover, he did not raise a challenge to his sentence during the sentencing hearing. Accordingly, it appears that this issue is waived. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

Nevertheless, the trial court, in its opinion, refers to a "Post Sentence Motion" filed by Ernst, which purportedly raised a challenge to the discretionary aspects of his sentence. Trial Court Opinion, 3/7/2014, at 2 (stating Ernst asserted in his post sentence motion that the court imposed a "harsh and excessive sentence" and failed to consider mitigating factors). The court then addressed that claim in its opinion. While we recognize it is

Ernst's duty to present this Court with a complete record for review, we will, however, proceed to a consideration of the discretionary claim on appeal in the interest of judicial economy.[6] **Compare Commonwealth v. Rush**, 959 A.2d 945, 949-950 (Pa. Super. 2008) (declining to address discretionary sentencing claim as interpreted in trial court's opinion when post sentence motion was not included in record, nor reflected on docket), *appeal denied*, 972 A.2d 521 (Pa. 2009). Accordingly, we must next determine whether Ernst has raised a substantial question for our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, Ernst contends the trial court imposed a sentence outside the guideline ranges without providing sufficient reasons on the record for doing so, and without properly considering mitigating factors. This claim raises a substantial question for our review. **See** 42 Pa.C.S. § 9781(c)(3) (stating appellate court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds … the sentencing

---

[6] Because the trial court has indicated Ernst **did file** the requisite motion, and the court proceeded to address the claim in its opinion, we decline to delay consideration of this claim as an ineffectiveness challenge in an inevitable collateral appeal.

court sentenced outside the sentencing guidelines and the sentence is unreasonable."); *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (finding substantial question when "appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances") (citation omitted), *appeal denied*, 64 A.3d 630 (Pa. 2013).

When reviewing a challenge to a sentence imposed outside the guideline ranges:

> We look, at a minimum, for an indication on the record that the sentencing court understood the suggested sentencing range. When the court so indicates, it may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record "the factual basis and specific reasons which compelled him to deviate from the guideline range."

> In evaluating a claim of this type, an appellate court must remember that the sentencing guidelines are merely advisory, and the sentencing court may sentence a defendant outside of the guidelines so long as it places its reasons for the deviation on the record. "**Our Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, we must affirm a sentence that falls outside those guidelines.**…"

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003) (internal citations omitted and emphasis supplied). *See also Commonwealth v. Walls*, 926 A.2d 957, 964-964 (Pa. 2007) (reaffirming

that sentencing guidelines "have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors").

Here, the trial court had the benefit of a PSI, and was, therefore, aware of both the sentencing guidelines and the relevant mitigating circumstances. ***See*** Trial Court Opinion, 3/7/2014, at 5. ***See also Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013) (stating that when trial court has the benefit of a PSI, "it will be presumed that [it] was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (quotation omitted), *appeal denied*, 85 A.3d 481 (Pa. 2014). In its opinion, the court explained that it imposed a sentence beyond the aggravated range of the guidelines for the following reasons:

> (1) the nature of the plea agreement entailed a cap of the minimum sentence at three (3) years;[7] (2) the permanent and life-threatening injuries suffered by the victim; and (3) the serious nature of the crime.

Trial Court Opinion, 3/7/2014, at 5. The court's comments during the sentencing hearing reveal that the trial court did not consider Ernst's remorse and efforts at rehabilitation to be significant factors in fashioning his sentence. ***See*** N.T., 1/7/2014, at 33 (commenting that "Your (sic) …

---

[7] The statutory maximum sentence for the crime, a second degree felony, was 10 years' imprisonment. 18 Pa.C.S. § 1103(2). Therefore, the trial court could have legally imposed a sentence of five to 10 years' incarceration.

having the birth of your child to look forward to, being surrounded by your family, exploring your relationship with God, getting work, getting jobs, talking to me about how inconvenient it will be to your family while you are incarcerated. Look on the other side. That's what you carry."). Accordingly, our review of the record reveals the trial court considered all relevant factors before imposing a sentence outside the aggravated range of the guidelines.

Moreover, to the extent Ernst argues the trial court "inappropriately increased [his] sentence based upon a factor anticipated by the sentencing commission[,]" *i.e.*, serious bodily injury, we again find Ernst is entitled to no relief. Ernst's Brief at 12.

Ernst pled guilty to the charge of aggravated assault by vehicle while DUI, which includes, as an element of the offense, that the defendant "negligently cause[d] serious bodily injury to another person." 75 Pa.C.S. § 3735.1. Serious bodily injury is defined in the Vehicle Code as "[a]ny bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 75 Pa.C.S. § 102. However, serious bodily injury encompasses varying degrees of injury. *See Commonwealth v. Spotti*, 94 A.3d 367, 381 (Pa. Super. 2014) (*en banc*) (finding evidence sufficient to support determination that victim suffered "serious bodily injury" when victim suffered bone infection in arm injured in car crash, spent

almost a week in the hospital following surgery to combat infection, and continues to have limited use of arm).

In the present case, the victim suffered C5 paraplegia as a result of the accident, and is "confined to a motorized wheelchair" with "limited use of his arms." N.T., 11/18/2013, at 9. During the sentencing hearing, the victim testified that he is "totally dependent now" and unable to feed or bathe himself. N.T., 1/7/2014, at 8. We detect no abuse of discretion on the part of the trial court in considering the victim's life-altering, permanent injuries as an aggravating factor at sentencing.

Accordingly, because we conclude the trial court did not abuse its discretion in imposing a sentence of three to 10 years' imprisonment following Ernst's guilty plea, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins this memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2015