**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK ROGER SULT, | |
| Appellant | No. 1656 MDA 2014 |

Appeal from the Judgment of Sentence August 21, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at Nos.: CP-40-CR-0000913-2013
CP-40-CR-0000918-2013
CP-40-CR-0003893-2013
CP-40-CR-0004008-2012

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 30, 2015**

Appellant, Mark Roger Sult, appeals from the judgment of sentence imposed following his entry of negotiated guilty pleas at four docket numbers to criminal solicitation, criminal trespass, two counts of receiving stolen property, flight to avoid apprehension, and resisting arrest.[1] Appellant challenges the discretionary aspects of his sentence. We affirm.

The relevant factual and procedural history of this case is as follows. On May 28, 2014, Appellant entered negotiated guilty pleas to the above-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 902(a), 3503(a)(1)(ii), 3925(a), 5126(a), and 5104, respectively.

mentioned charges, and the court ordered preparation of a pre-sentence investigation (PSI) report. At the August 21, 2014 sentencing hearing, defense counsel requested that the court place Appellant in the boot camp program, and the Commonwealth objected to such placement. The trial court sentenced Appellant to an aggregate term of not less than sixty nor more than 120 months' incarceration in a state correctional institution. The court did not recommend boot camp. It stated that Appellant is eligible for the Recidivism Risk Reduction Incentive Program (RRRI),[2] and set the RRRI minimum sentence at fifty months. Appellant filed a post-sentence motion, which the court denied on September 2, 2014.

Appellant filed a timely notice of appeal on September 30, 2014. On October 6, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *See* Pa.R.A.P. 1925(b). On October 27, 2014, the date the concise statement was due, Appellant filed a "Request for an Extension of Time to File 1925([b]) Statement[.]" (Request for Extension of Time, 10/27/14). The court did not rule on the request, and Appellant filed a concise statement two days later, on October 29, 2014. The Commonwealth filed a response on November 3, 2014. The trial court entered an opinion

_____

[2] 61 Pa.C.S.A. §§ 4501-4512.

- 2 -

addressing the issues Appellant raised in the Rule 1925(b) statement on November 21, 2014. **See** Pa.R.A.P. 1925(a).[3]

Appellant raises one question for our review:

> 1. Did the [trial] court abuse its discretion by failing to adequately consider the rehabilitative needs of [Appellant], and foreclosing [Appellant's] participation in boot camp when it sentenced [Appellant] to an aggregate sentence of [sixty] to 120 months on his consolidated guilty plea after failing to consider [Appellant's] actions in taking responsibility for his behavior, his employment and participation in drug treatment, and after failing to consider or discuss [Appellant's] potential and need for rehabilitation, thus resulting in a manifestly excessive sentence?

(Appellant's Brief, at 5).

In his issue on appeal, Appellant claims that the aggregate sentence foreclosing his participation in boot camp is harsh and excessive because the court failed to consider that he took responsibility for his actions; was seeking help for his drug addiction; was working two jobs; and was devoted to his four-year-old son and turning his life around. (**See id.** at 8-9). He

---

[3] Appellant's Rule 1925(b) statement was untimely. Nevertheless, this Court may address the merits of a criminal appeal where an appellant files an untimely concise statement if the trial court prepared an opinion addressing the issue(s) raised on appeal. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012) ("[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we . . . may address the merits of the issues presented.") (citation omitted); **see also Commonwealth v. Veon**, 109 A.3d 754, 762 (Pa. Super. 2015), *appeal granted in part*, 121 A.3d 954 (Pa. 2015); **Commonwealth v. Burton**, 973 A.2d 428, 430-33 (Pa. Super. 2009) (*en banc*).

asserts that the court did not take into account either the victim's belief that he has great potential or his rehabilitative needs. (***See id.*** at 13-14).

At the outset, we observe that Appellant's issue challenges the discretionary aspects of his sentence. However, "[t]he right to appeal the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [, ***see*** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted).

In the instant case, Appellant timely appealed, preserved his claim in the trial court, and included a Rule 2119(f) statement in his brief. ***See id.*** With respect to the substantial question requirement:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citations and quotation marks omitted).

- 4 -

"[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citations omitted). Therefore, we will review Appellant's claim on the merits.

Our standard of review in sentencing matters is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

In fashioning a defendant's sentence, the court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Therefore, "a sentencing court must formulate a sentence individualized to that particular case and that particular defendant." *Clarke*, *supra* at 1287 (citation and internal quotation marks omitted).

Here, at the sentencing hearing, the court heard statements from Appellant, one of his victims, and that victim's daughter, argument from

- 5 -

defense counsel and the Commonwealth, and noted that it received documents pertaining to the case submitted by the parties. (*See* N.T. Sentencing, 8/21/14, at 2, 4-13). Appellant advised the court that he was working two jobs, that he was participating in treatment for his drug addiction, and that he regularly spends time with his son. (*See id.* at 10-12). He stated that he was "fighting [to] . . . get back as fast as possible so that [he] can get back to [his] son and [his] life with him." (*Id.* at 12). Defense counsel indicated that Appellant is amenable to rehabilitation and asked the court to consider boot camp. (*See id.* at 8-9, 13). The Commonwealth, however, requested that the court impose a state sentence but specifically objected to placement in boot camp. (*See id.* at 6-7). It noted that Appellant had pleaded guilty to multiple burglaries in the past and had not received heavy sentences, and that he committed his most recent offense while on bail. (*See id.*). It acknowledged that Appellant has a problem with drug addiction and stated that state prison is the best place for him to address this issue. (*See id.*).

The victim informed the court that the loss of her personal property was "very distressful." (*Id.* at 4). She also noted her sympathy for Appellant given his potential and her hope that he would "use his sentencing time productively." (*Id.*). The victim's daughter stated that her mother "has been not herself ever since [her property was stolen and] her quality of life has been greatly impacted because of this[.]" (*Id.* at 5). Before imposing sentence, the court stated that it took into consideration the PSI

report, the statements of the parties and the victim, and the nature of Appellant's offenses. (*See id.* at 13). It determined that "[s]tate incarceration is best suited to handle any and all of [Appellant's] needs." (*Id.* at 15).

Thus, the record reflects that the court considered extensive information regarding Appellant's background and concluded that a state sentence was appropriate in this case. Further, "where, as here, the sentencing court had the benefit of a pre-sentence investigation report, we can assume [it] was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S. Ct. 1746 (2012) (citation and internal quotation marks omitted). Accordingly, after review of the record, we conclude that the trial court did not abuse its discretion in imposing Appellant's sentence. *See Clarke*, *supra* at 1287. Appellant's sole issue on appeal does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015

- 7 -