**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEX MARTIN PETTIS, | |
| Appellant | No. 914 MDA 2016 |

Appeal from the Judgment of Sentence February 24, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003851-2014

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 24, 2017**

Appellant, Alex Martin Pettis, appeals *nunc pro tunc* from the judgment of sentence imposed following his jury conviction of robbery, simple assault, recklessly endangering another person, and possessing an instrument of a crime.[1]  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the record.  On the night of May 25, 2014, the victim, Andrew Webber, went to a bar with friends for approximately four hours, until the bar closed at 2:00 a.m. the following morning.  While at the bar, he consumed alcohol and became intoxicated.  Webber went home, drank two

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2701(a)(3), 2705, and 907(a), respectively.

beers, and decided to look up prostitutes on the website Back Page. Webber came across an advertisement for a woman he found attractive, texted the listed phone number, and received a response directing him to go to a local hotel, advising that the cost of her time was $80.00.

Webber arrived at the hotel at 4:00 a.m., and Taryn Bridges, who did not resemble the woman in the advertisement, opened the hotel room door. Webber had second thoughts about the encounter, and indicated that he had the wrong room. Appellant then stepped out of the hotel room bathroom and stated "no, you are in the right room[.]" (N.T. Trial, 12/09/15, at 15). Appellant was holding a silver revolver with a black handle in his right hand down at his side. Webber turned around, walked to his car, and turned it on. Appellant approached the car, opened the door with his left hand, pointed the gun at Webber's head, and stated: "I need that $80." (*Id.* at 19) (quotation marks omitted). Webber threw the car into reverse, with Appellant hanging onto the side of the car, and then drove forward in an attempt to remove Appellant from the car. Webber's vehicle crashed into the wall of the hotel, and Appellant was thrown from the car, dropping his gun. Webber picked up the gun, ran to a nearby hotel, and asked the receptionist to call the police. Appellant and Bridges fled from the scene. Two days later, Webber quickly identified Appellant as his assailant from a police photo array. Videotape surveillance cameras at the original hotel captured footage of the incident.

Appellant proceeded to a jury trial on December 8, 2015. Following a colloquy by the trial court, Appellant chose to testify in his defense, and he disputed Webber's version of events. Appellant explained that he: politely intervened in the encounter between Webber and Bridges because a dispute arose regarding the amount of the fee; approached Webber in a "calm and collected" manner to "salvage the service" and Webber unexpectedly accelerated the car; and was carrying a silver water bottle with a black top, not a gun. (N.T. Trial, 12/10/15 at 45; *see id.* at 44-47; 58-60). On December 11, 2015, the jury found Appellant guilty of the above-stated offenses.

On February 24, 2016, after consideration of a pre-sentence investigation report (PSI), the trial court sentenced Appellant to an aggregate term of not less than seven nor more than twenty years' incarceration. Following the court's denial of his untimely post-sentence motions, Appellant filed a successful petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and the PCRA court reinstated his direct appeal rights *nunc pro tunc* on May 11, 2016. Appellant filed timely post-sentence motions on May 18, 2016, which the trial court denied the following day. This timely appeal followed.[2]

---

[2] Appellant filed a timely court-ordered concise statement of errors complained of on appeal on June 28, 2016. The trial court entered an opinion on October 12, 2016. *See* Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

A. Did the trial court abuse its discretion in sentencing [Appellant] to an aggregate sentence of [seven] years to [twenty] years [of] imprisonment because said sentence violates the Pennsylvania Sentencing Code and is excessive and unreasonable in light of the factors particular to this case?

B. Did the trial court err in denying [Appellant's] post-sentence motion by failing to arrest judgment because the testimony and evidence introduced at trial was insufficient to prove [him] guilty beyond a reasonable doubt of the criminal offenses charged?

C. Did the trial court abuse its discretion in denying [Appellant's] post-sentence motion for a new trial because the jury's guilty verdict was against the weight of the evidence such that it shocks one's sense of justice?

D. Did the trial court fail to properly instruct [Appellant] of his right not to testify during its colloquy of [him] at the close of the Commonwealth's case?

E. Did the Commonwealth improperly reference [Appellant's] incarceration during cross-examination?

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

In his first issue, Appellant challenges the discretionary aspects of his sentence, arguing the trial court abused its discretion in imposing a sentence in the aggravated range on the robbery conviction. (*See* Appellant's Brief, at 35-40). Appellant contends that the sentence is clearly unreasonable in light of the facts of this case and his background, and that the court failed to provide adequate reasons on the record for the sentence. (*See id.* at 35-39). This issue does not merit relief.

- 4 -

It is well-settled that "[t]he right to appeal the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [, ***see*** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted).

In the instant case, Appellant timely appealed, preserved his claim in the trial court, and included a Rule 2119(f) statement in his brief. With respect to the fourth requirement, this Court has held that a claim the trial court imposed an excessive sentence in the aggravated range without placing adequate reasons on the record raises a substantial question. ***See Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004), *appeal denied*, 881 A.2d 818 (Pa. 2005), *cert. denied*, 546 U.S. 1095 (2006). Therefore, we will review Appellant's claim on the merits.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion

unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

Additionally, "where the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI] report; thus properly considering and weighing all relevant factors." ***Id.*** (citation omitted).

Here, at the sentencing hearing, defense counsel requested a sentence at the low end of the guideline range, and Appellant apologized to the court for "making [its] courtroom into a circus." (N.T. Sentencing, 2/24/16, at 3).[3] The Commonwealth requested that the court impose an aggravated-

_____

[3] The trial notes of testimony reflect that, after the jury announced its verdict and exited the courtroom, a disturbance took place during which Appellant stated: "This is fucking bullshit. This is fucking bullshit. I didn't do it." (N.T. Trial, 12/11/15, at 10). The court reporter then ceased transcribing and moved location due to the deputy sheriffs addressing the disturbance. (***See id.*** at 11). The Commonwealth avers that Appellant had
*(Footnote Continued Next Page)*

range sentence, noting Appellant's refusal to accept responsibility for the robbery and its assessment that he is not amenable to rehabilitation. (*See id.* at 4). Before imposing its sentence, the trial court stated:

> Well, we take a number of factors into consideration. His prior record, not just for his prior record statistically, but what does that prior record show. Prior record shows a degree of violence, of acting out, using a firearm. Those things obviously being quite concerning. The actions taken in the courtroom, not only are they offensive to the [c]ourt but the action—and I understand [Appellant] apologizes now, indicates to me he blacked out, but even the mere fact that [it] occurred, as his excuse was, that the officer said, you know, he ought to be given the max. Even if that is the officer's opinion, [Appellant's] actions are not warranted. It's just indicative of the violent nature of [Appellant]. I weigh that in consideration with all the other aspects of his presentence investigation. I temper it with also weighing the facts of the case, which I don't want to overstate or understate the seriousness of the actions. The actions were serious, and the guidelines reflect that.
>
> The other side of the coin is there [were] aspects of the offense that did not show other types of aggravating factors such as discharging the firearm, striking afterwards. So I've got to try to weigh and balance all aspects, including the rehabilitative nature of [Appellant], which is quite concerning. So in doing so, I have taken all those aspects into my calculations.

(*Id.* at 4-5).

Thus, the record demonstrates that the court had the benefit of a PSI, was well aware of Appellant's background and the circumstances of this case, and that it adequately stated its reasons for the sentence on the

---
*(Footnote Continued)*

jumped across tables and attacked a detective who had testified as a witness before deputy sheriffs intervened. (*See* Commonwealth's Brief, at 23).

record. **See Ventura**, **supra** at 1135. Upon review, we discern no abuse of discretion in the court's imposition of Appellant's sentence. **See Clarke**, **supra** at 1287. Appellant's first issue lacks merit.

In his second issue, Appellant challenges the sufficiency of the evidence supporting his convictions. (**See** Appellant's Brief, at 40-45). This issue is waived.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. . . .

**Commonwealth v. Stiles**, 143 A.3d 968, 982 (Pa. Super. 2016), *appeal denied*, 2016 WL 7106404 (Pa. filed Dec. 6, 2016) (citation and quotation marks omitted) (finding sufficiency claim waived because appellant failed to identify which elements he was challenging in his Rule 1925(b) statement).

Here, in his concise statement, Appellant stated his sufficiency claim as follows: "[The trial] [c]ourt erred in denying [Appellant's] [p]ost-[s]entence [m]otion by failing to arrest judgment because the testimony and evidence introduced at trial was insufficient to establish that [Appellant] engaged in the criminal offenses charged and was insufficient to support the jury's conclusion that [Appellant] was guilty beyond a reasonable doubt." (Rule 1925(b) Statement, 6/28/16, at 1). As discussed above, the jury convicted Appellant of four different crimes, each of which contained multiple

elements. Thus, we conclude Appellant's generic concise statement failed clearly to state any element upon which he alleged the evidence was insufficient. Therefore, Appellant has waived his second issue. *See Stiles*, *supra* at 982.[4]

In his third issue, Appellant challenges the weight of the evidence supporting his convictions, claiming that the jury's verdict is shocking to the judicial conscience. (*See* Appellant's Brief, at 45-50).[5] Appellant takes issue with Webber's testimony and credibility, and claims that Webber's intoxication affected his ability to perceive events during the incident and to remember them accurately. (*See id.* at 49-50). This issue does not merit relief.

Our standard of review is as follows:

_____

[4] Moreover, the bulk of Appellant's sufficiency argument challenges the veracity and credibility of Webber's testimony, asserting Webber's version of events is unreliable, "defies logic[,]" and was tainted by his intoxication during the incident. (Appellant's Brief, at 42; *see id.* at 41-44). We find this argument assailing the credibility of the victim is actually a challenge to the weight, rather than to the sufficiency, of the evidence. *See Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) ("This argument [challenging the 'unbelievable' testimony of the victim] goes to the credibility of the witness's testimony, and is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded.") (citation omitted). Therefore, Appellant's sufficiency argument would fail for this reason as well. We note that we will address Appellant's properly preserved weight claim as a separate issue, *infra*.

[5] Appellant preserved his weight claim by raising it in his post-sentence motion. *See* Pa.R.Crim.P. 607(A)(3).

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.
>
> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted). "[T]he trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Weathers*, 95 A.3d 908, 911 (Pa. Super. 2014), *appeal denied*, 106 A.3d 726 (Pa. 2015) (citation omitted).

Here, a review of the record shows that, on direct examination, the Commonwealth asked Webber whether his intoxication on the early morning of the incident "[w]as [] affecting [his] ability to remember the events [he was] testifying to[?]" and Webber responded "No." (N.T. Trial, 12/09/15, at 9-10; *see id.* at 15). Defense counsel cross-examined Webber regarding

the amount of alcohol he imbibed at the bar and at home before the incident, and Webber readily admitted that he was intoxicated. (*See id.* at 35-37). In its Rule 1925(a) opinion, the trial court stated that the jury, as factfinder, was free to resolve any credibility issues and conflicts in the testimony, and to credit the testimony of Webber instead of that of Appellant. (*See* Trial Court Opinion, 10/12/16, at 7). The court concluded that the evidence clearly supported the jury's verdict, and that the verdict did not shock its conscience. (*See id.*). After review of the record, we agree with the trial court's assessment, and conclude that it did not palpably abuse its discretion in ruling on Appellant's weight claim. *See Boyd*, *supra* at 1274-75. Therefore, Appellant's third issue does not merit relief.

In his fourth issue, Appellant contends the trial court failed to instruct him properly regarding his right not to testify at trial, and that the court's colloquy, after which he elected to testify, was confusing and misleading. (*See* Appellant's Brief, at 51-54). This issue is waived.

> Our Pennsylvania Rules of Appellate Procedure and our case law set forth the well-established requirements for preserving a claim for appellate review. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising a new and different theory of relief for the first time on appeal.

*Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016), *appeal denied*, 2016 WL 6885765 (Pa. filed Nov. 22, 2016) (case citation and some quotation marks omitted). "[I]t is well established that absent a contemporaneous objection the issue is not properly preserved on appeal[,]"

and a party cannot preserve the issue for appellate review by raising it for the first time in a 1925(b) statement. ***Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1287 (Pa. Super. 2004).

Here, the record reflects that the trial court fully appraised Appellant of his right to testify or to choose to remain silent, and it advised that if he did testify, the Commonwealth could cross-examine him regarding his prior *crimen falsi* convictions. (***See*** N.T. Trial, 12/10/15, at 15-16). After the court concluded its colloquy, defense counsel did not lodge any objection to the court's comments, and Appellant unequivocally stated that he wished to testify. (***See id.*** at 16-17). The court then specifically asked defense counsel "[i]s there anything else you need[?]," to which counsel responded "No." (***Id.*** at 17). Appellant also did not raise his purported objection to the colloquy in his post-sentence motion. (***See*** Post-Sentence Motion, 5/18/16, at 2-3). Instead, he raised it for the first time in his Rule 1925(b) statement. (***See*** Rule 1925(b) Statement, at 2). Because Appellant is improperly attempting to raise a new theory of relief for the first time on appeal, we conclude he has waived his fourth claim. ***See*** Pa.R.A.P. 302(a); ***Phillips***, ***supra*** at 522; ***Melendez-Rodriguez***, ***supra*** at 1287.

In his fifth issue, Appellant contends that a new trial is necessary because the Commonwealth improperly referred to his prior incarceration during its cross-examination of him. (***See*** Appellant's Brief, at 54-60). Specifically, Appellant takes issue with the Commonwealth's question: "I think you testified you spent [eighteen] months in Dauphin County Prison.

So, it is fair to say you have had a long time to think about this situation?" (*Id.* at 56 (quoting N.T. Trial, 12/10/15, at 77)) (emphasis omitted). Although Appellant acknowledges that the jury could have inferred he was detained on the instant charges, he argues that it more likely inferred that the incarceration was for a previous crime. (*See id.* at 58-59). This issue is also waived.

We reiterate, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[,]" and a party must make a contemporaneous objection in order to preserve a claim. Pa.R.A.P. 302(a); *see also Melendez-Rodriguez*, *supra* at 1287. A review of the record in this matter reflects that, after the Commonwealth asked Appellant the question at issue, defense counsel lodged no objection. (*See* N.T. Trial, 12/10/15, at 77-78). Instead, Appellant responded to the Commonwealth's question without mentioning any prior conviction, referencing only this case. (*See id.*). Appellant also did not raise his purported objection to the Commonwealth's question in his post-sentence motion, (*see* Post-Sentence Motion, at 2-3), and he improperly raised it for the first time in his Rule 1925(b) statement. (*See* Rule 1925(b) Statement, at 2). Therefore, Appellant waived his final issue on appeal. *See* Pa.R.A.P. 302(a); *see also*

***Melendez-Rodriguez***, ***supra*** at 1287.[6]  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017

---

[6] We note that we find Appellant's challenge to the Commonwealth's question disingenuous, given that, immediately before this question, Appellant testified, in response to a question about where the gun was found: " . . . Do I want to [solicit on Back Page] again?  Of course not.  It made my life a living hell for the [eighteen] months I was out in Dauphin County Prison. . . . I want to tell you everything that happened from scripted detail because I am tired of going in the system.  From [thirteen years old] until now, it has been my life." (N.T. Trial, 12/10/15, at 77; ***see id.*** at 76).  Also, Appellant first brought the issue of his previous crimes to the jury's attention by stating, unsolicited, during his initial remarks: "Well, before I will speak, I will open, ladies and gentlemen present, to please look at me as a man that is going to tell the truth, not the childish man that had a felony past." (***Id.*** at 36; ***see id.*** at 47 (bringing up issue of criminal past on direct examination in response to question on another topic)).  Therefore, Appellant "unnecessarily highlight[ed]" his criminal past, not the Commonwealth.  (Appellant's Brief, at 56).