J-A12026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN DERAN WEBB | : | |
| | : | |
| Appellant | : | No. 1496 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 19, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005530-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN WEBB | : | |
| | : | |
| Appellant | : | No. 1498 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 19, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007730-2016

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.                    **FILED MAY 29, 2020**

Appellant, Devin Deran Webb, appeals from the judgment of sentence

entered in the Allegheny County Court of Common Pleas, following his open

guilty pleas to two counts of possession of a controlled substance, five counts

_____

[*] Retired Senior Judge assigned to the Superior Court.

of possession of a controlled substance with the intent to deliver ("PWID"),

and one count of persons not to possess firearms.[1] We affirm.

In its opinion, the trial court accurately set forth the relevant facts and

procedural history of this case as follows:

> These appeals arise out of two separate arrests of
> [Appellant] for which he entered guilty pleas on March 19,
> 2019. At the plea hearing[,] summaries of the evidence
> were presented by the Commonwealth which included the
> following:
>
> **CC 201607730**
>
> [Appellant's] arrest at CC201607730 followed a controlled
> purchase of narcotics on September 10, 2015. Officers from
> the Ross Township Police Department conducted a
> controlled buy, through a confidential informant, of
> narcotics from [Appellant]. The informant contacted
> [Appellant] via a cell phone and they agreed to meet outside
> of a residence located in the City of Pittsburgh. The
> controlled buy was done by a hand-to-hand transaction
> between the informant and [Appellant] during which
> [Appellant] sold 49 stamp bags which proved to contain
> heroin and fentanyl. [Appellant] pled guilty to four counts
> of [PWID] and two counts of Possession.
>
> **CC 201705530**
>
> On March 10, 2017[, Appellant] was the driver of a vehicle
> that was stopped for speeding and making an illegal left turn
> on East 8th Avenue in Homestead, Pa. by Officer Meals of
> the Homestead Police Department. When [Appellant]
> stopped his vehicle, he was blocking the driveway of an auto
> repair service station. [Appellant] informed Officer Meals
> that he did not have a driver's license as it was suspended.
> Officer Meals also confirmed that [Appellant] had an
> outstanding warrant from the state of Georgia, although
> Georgia was not requesting extradition. As the vehicle was

---

[1] 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. 6105, respectively.

blocking a driveway and [Appellant] could not drive the vehicle, [Appellant] was informed the vehicle would be towed and an inventory search was performed. During the search a loaded .45 caliber firearm was found in a black nylon case behind the driver's seat along with 550 stamp bags of suspected heroin, rubber bands, unused sandwich bags and a digital scale with white powder on it. [Appellant] was also searched and found to have 10 stamp bags of heroin in his hoodie pocket. After being given **Miranda**[2] warnings[, Appellant] admitted to the officer that the heroin was his and he was selling it to support himself and to pay his rent. Testimony from an expert in the field of narcotics would also testify that [Appellant] possessed the heroin with the intent to deliver it. [Appellant pled] guilty to Possession of Firearm Prohibited and one count of [PWID]. Charges on seven additional counts were withdrawn. [Appellant] made no corrections to the summary of the evidence in either of the cases and after an appropriate colloquy, [Appellant's] pleas were accepted and a presentence report was ordered.

The presentence report indicated that [Appellant's] criminal history included a firearm conviction in October 2000 for which he was sentenced to 1½ to 6 years; a conviction for possession and [PWID] in June 2001 for which he was sentenced to 2 to 4 years; that he was paroled in April of 2004 until January 2006; that he was again convicted of possession and [PWID] in January of 2011 for which he was sentenced to 2½ to 5 years; that he pled *nolo contendere* to simple battery—family violence and disorderly conduct in Georgia in February 2008; that he was convicted of possession and [PWID] in July of 2010 for which he was sentenced to 18 to 36 months; and various summary offenses in 2012 and 2017.

At the time of sentencing [Appellant] presented testimony from his fiancée, London Porter, who testified that [Appellant] had turned his life around and had a positive effect on her and her children. In his allocution statement [Appellant] acknowledged that he had been before the court a "few times" and also stated that he was not the same person as before and that he made progress in his life

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

through his education, employment and mental health treatment in order to avoid continued involvement with drugs and he requested leniency.

The Commonwealth's position was that [Appellant] "stands before the [c]ourt having been convicted now of his fourth [PWID] charge and, at least a [s]econd Carrying a Firearm Illegally." Counsel also noted that the standard range sentence [for the firearms offense] called for a sentence [between] 72 and 84 months based on [Appellant's] previous record. In addition, the Commonwealth noted that the narcotics [Appellant] admitted selling tested positive for not only heroin but fentanyl. The Commonwealth requested that a sentence be imposed that would "impress upon [Appellant] the need to reform himself with the dictates of a civilized society."

In response [Appellant's] counsel noted that during the pendency of the cases [Appellant] had obtained and was working three jobs and he attempted drug treatment at Gateway Rehabilitation and Butler Family Services. Counsel also reviewed [Appellant's] exposure to and use of drugs and alcohol beginning as early as age 12 and, that despite the absence of a father in his life, he was an active father in his children's lives. He also noted [Appellant] had obtained his GED. Finally, counsel argued that the sentencing guidelines were high based on convictions in 1999, 2000, 2006 and 2008, but that these convictions were "stale and maybe should be given less consideration [than] if those convictions were from 2011, 2012." Counsel argued that based on [Appellant's] positive achievements since his latest arrest that consideration be given to "rejecting the guideline" and the imposition of a county sentence. In response, the Commonwealth again stated that its position was that "a county sentence, with alternative housing, would [not] effectively impress upon [Appellant] the severity of the crimes." After consideration of the presentence report, the testimony and the argument of counsel[,] an aggregated mitigated range sentence was imposed[.]

(Trial Court Opinion, filed January 6, 2020, at 2-5) (internal citations omitted).

At the conclusion of the sentencing hearing on August 19, 2019, the

court imposed an aggregate term of 5 to 10 years' imprisonment, plus 3 years'

probation.[3]   On August 28, 2019, Appellant timely filed a post-sentence

motion, which the court denied on September 4, 2019.  Appellant timely filed

separate notices of appeal at each underlying docket (listing only one docket

number on each notice of appeal) on October 3, 2019.  On October 21, 2019,

the court ordered Appellant to file a concise statement of errors complained

of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on

October 23, 2019.   This Court subsequently consolidated the appeals *sua

sponte*.

Appellant raises one issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN IMPOSING A SENTENCE THAT WAS MANIFESTLY EXCESSIVE, UNREASONABLE, AND CONTRARY TO THE DICTATES OF THE SENTENCING CODE WHEN THE TRIAL COURT OVERLOOKED AND/OR FAILED TO CAREFULLY CONSIDER RELEVANT FACTORS WHEN SENTENCING [APPELLANT], INCLUDING THE UNIQUE FACTS AND CIRCUMSTANCES OF THE CRIMES, AND HIS BACKGROUND AND REHABILITATIVE NEEDS?

(Appellant's Brief at 4).

Appellant argues the circumstances of his case did not justify imposing

---

[3] Specifically, at docket CP-02-CR-0007730-2016, the court imposed a term of 2 to 4 years' imprisonment on Count 4 (PWID), a concurrent term of 1 to 2 years' imprisonment on Count 5 (PWID), and no further penalty for the remaining offenses.  At docket CP-02-CR-0005530-2017, the court sentenced Appellant to 5 to 10 years' imprisonment, plus 3 years' probation, for the firearms conviction, and a concurrent term of 3 to 6 years' imprisonment for the PWID conviction.  The court imposed the sentences at each docket concurrent to each other.

a term of imprisonment. Appellant asserts the sentence imposed does not reflect the court's consideration of Appellant's background and characteristics, his efforts to rehabilitate, and the remoteness of his prior convictions. Appellant maintains the sentence imposed is grossly disproportionate to the circumstances of the offenses and contrary to the norms of the sentencing process. Appellant concedes the court imposed a sentence within the statutory limits and below the standard range. Nevertheless, Appellant insists the court did not impose an individualized sentence, tailored to him and the facts of his case. Appellant contends the court also failed to set forth adequate reasons on the record for the sentence imposed. Appellant suggests the court ignored Appellant's acceptance of responsibility by pleading guilty and his expressions of remorse. Appellant avers the court disregarded that Appellant obtained a high school diploma, had three jobs, and sought treatment for his addiction since the time his offenses occurred. Appellant concludes the court abused its discretion by imposing a sentence of imprisonment, where a sentence of alternative housing was more appropriate given Appellant's progress.

As presented, Appellant's challenges implicate the discretionary aspects of his sentence. *See, e.g., Commonwealth v. Cartrette*, 83 A.3d 1031 (Pa.Super. 2013) (*en banc*) (explaining claim that sentencing court failed to consider Section 9721(b) factors pertains to discretionary sentencing matters); *Commonwealth v. Clarke*, 70 A.3d 1281 (Pa.Super. 2013),

*appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention that court focused solely on serious nature of crime without adequately considering protection of public and defendant's rehabilitative needs concerns court's sentencing discretion); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation that court overemphasized seriousness of crime without considering mitigating factors challenges discretionary aspects of sentencing).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. ***Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot

be cured by submitting the challenge in a Rule 1925(b) statement." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Instantly, Appellant filed a timely post-sentence motion on August 28, 2019. Nevertheless, Appellant did not preserve any of the claims he raises on appeal in that motion. Instead, Appellant merely requested the court permit him the opportunity to enroll in motivational boot camp. Appellant mentioned nothing about the court's alleged failure to consider mitigating factors, lack of sufficient reasons on the record for the sentence, or any of the other arguments Appellant now advances on appeal. Appellant's failure to preserve his current claims in the post-sentence motion constitutes waiver of his sentencing issue on appeal. ***See Griffin, supra***; ***McAfee, supra***.

Even if Appellant had preserved his claims on appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. ***Commonwealth v. Fullin***, 892 A.2d 843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine

- 8 -

the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

*Commonwealth v. Walls*, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (internal quotation marks, footnotes, and citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). *See also Commonwealth v. Fowler*, 893 A.2d 758 (Pa.Super. 2006) (stating where court had benefit of pre-sentence investigation report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors).

Here, the trial court analyzed Appellant's sentencing claim as follows:

In this case[,] the presentence report established that [Appellant] has a very long history of offenses related to selling narcotics and illegal possession of a firearm. Also, as noted by [Appellant], he has previously been before this [c]ourt and he was sentenced for [PWID]. In addition, the latest offenses, as noted at the time of sentencing, included

- 9 -

selling heroin containing fentanyl, which is widely known to be a very dangerous mixture. While it was noted that some of [Appellant's] offenses were years before, it was also clear that [Appellant] had repeatedly offended in 2016 and 2017, and those repeat offenses were certainly not "stale." In addition, despite shorter periods of incarceration for previous offenses, [Appellant] continued selling dangerous narcotics. While [Appellant's] efforts at rehabilitation were noted and considered, it was also considered, as argued by the Commonwealth, that a sentence that reflected the seriousness of the offenses would be appropriate. After considering the sentencing code, the sentencing guidelines, the presentence report and the evidence presented at the sentencing hearing, [Appellant] was sentenced to a mitigated range sentence and all other sentences imposed were made concurrent to that sentence. Consequently, there was no abuse of discretion in the sentence imposed.

(Trial Court Opinion at 7). We see no abuse of the court's broad sentencing discretion. *See Walls, supra*; *Fullin, supra*. Therefore, even if Appellant had properly preserved his claim and raised a substantial question, it would merit no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2020

- 10 -