J-S38045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ALFREDO TORO, :
:
Appellant : No. 38 EDA 2023

Appeal from the Judgment of Sentence Entered October 27, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003230-2016

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 30, 2023**

Alfredo Toro (Toro) appeals from the October 27, 2022 judgment of sentence imposed by the Court of Common Pleas of Philadelphia County (trial court) following our remand for resentencing on his convictions for rape by forcible compulsion, sexual assault, unlawful restraint, defiant trespass and simple assault.[1] We affirm.

**I.**

We previously summarized the facts of this case as follows:

On December 19, 2015, Estrella Colon and Manuel Sanchez, who were engaged to be married, called [Toro], Ms. Colon's cousin, to help them move from their second-floor apartment on the 3400 block of Helen Street in Philadelphia. When [Toro] arrived, he got

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(a)(1), 3124.1, 2902(a)(1), 3503(b)(1)(i), & 2701(a).

into an altercation with Mr. Sanchez and slapped and punched Mr. Sanchez in the face. [Toro] chased Mr. Sanchez out onto the street, and sometime later [Toro] returned and knocked on the front door of the building. Ms. Colon opened the door to the apartment building thinking Mr. Sanchez had returned and [Toro] then pushed his way into the building and into Ms. Colon's apartment. Once inside the apartment, [Toro] pushed, grabbed, and kissed Ms. Colon, and offered her $200 to have sex with him, which she refused. Despite Ms. Colon's efforts to push him away, [Toro] pulled Ms. Colon's pants down and penetrated her vagina with his penis. [Toro] then fled from the apartment and the police arrived shortly thereafter.

***Commonwealth v. Toro***, 1918 & 1919 EDA 2019, at \*2 (Pa. Super. Dec. 21, 2021) (unpublished memorandum), *allocatur denied*, 21 EAL 2022 (Pa. June 27, 2022). Following a non-jury trial, Toro was convicted of the above-mentioned charges, as well as one count of recklessly endangering another person (REAP).[2] The trial court sentenced him to 10 to 20 years' incarceration for the count of rape, 2.5 to 5 years' incarceration for the count of unlawful restraint, and 1 to 2 years' incarceration each on the counts of simple assault and REAP.[3] The aggregate sentence was 14.5 to 29 years of imprisonment.

Toro timely appealed and this Court vacated his conviction for REAP, finding the evidence insufficient to establish Toro had placed Ms. Colon in danger of death or serious bodily injury. ***Id.*** at \*15-17. We remanded the

_____

[2] 18 Pa.C.S. § 2705. At a separate docket number, he was convicted of an additional count of simple assault. That docket is not at issue in this appeal.

[3] Toro received no further penalty for the counts of sexual assault and defiant trespass.

case for resentencing, as our holding had upset the trial court's sentencing scheme. *Id.* at *22 (citing **Commonwealth v. Vela-Garrett**, 251 A.3d 811, 819 (Pa. Super. 2021)). However, we rejected his challenge to the discretionary aspects of his sentence because he failed to preserve it in a post-sentence motion. *Id.* at *21-22.

Toro proceeded to resentencing on October 27, 2022. He submitted an integrated correctional plan into evidence that showed he had completed a violence prevention program during his incarceration. He argued that he had been unable to otherwise attend programing in prison due to the length of his sentence. Toro pointed out that he had significant health issues, including a quadruple bypass surgery while incarcerated pre-trial, but was nonetheless a productive inmate who served as a block worker while incarcerated. Based on those mitigating factors, counsel requested that the trial court reduce his aggregate sentence to a minimum of 10 to 12 years rather than reimposing the prior sentences less the sentence for REAP. In his allocution, Toro argued that DNA evidence at trial had excluded him as a contributor to samples taken from the victim. He informed the trial court that he had never been placed in solitary confinement during his incarceration, that he was attempting to complete his programs and that he was concerned about COVID in prison.

The trial court explained its sentencing rationale as follows:

> **THE COURT:** Yes, thank you, Mr. Toro. I appreciate your statements. I'm glad to know that you are pleased with [counsel's] work. It appears he did work very hard to get that charge dropped against you. . . . And I'm glad to know that you're

working hard with the programs in prison. So I appreciate the information you provided. I'm going to resentence you. I'm not going to add any additional time. But, basically, I'm just going to leave the remaining charges intact with my prior sentence. Count 1, and in doing this I'm taking into consideration, again, the information I had at trial, the need to protect the public, the impact on the life of the victim, your rehabilitative needs. I did, again, review the presentence investigation report, the mental health evaluation, and all the information that was provided in court today.

N.T., 10/27/22, at 19-20. Accordingly, it reimposed the same sentences on the counts of rape, unlawful restraint and simple assault, for an aggregate sentence of 13.5 to 27 years' incarceration.

Toro timely filed a post-sentence motion to reconsider his sentence in which he argued that the trial court had abused its discretion in sentencing him above the aggravated range of the sentencing guidelines on the count of unlawful restraint. Based on his status as a repeat violent offender (REVOC), the standard range of the guidelines for unlawful restraint was a minimum of 12 to 18 months' incarceration, with an aggravated range of 21 months' incarceration. Toro was sentenced to 30 to 60 months' incarceration on that count.[4]

The motion also reiterated the mitigating evidence Toro had presented at the resentencing hearing and highlighted mitigation from the presentence

---

[4] For rape, the standard range of the guidelines was 120 months to 240 months' incarceration. For simple assault, the standard range was 12 to 18 months' incarceration. Toro was sentenced to the statutory maximum, which was in the standard range for those charges.

investigation report (PSI). Specifically, he averred that he had a verifiable employment history, a history of mental illness, "was raised in a tumultuous environment by a mother with mental health issues," "did not perform well and never graduated from high school," and "got involved in drug abuse at a young age." Post-Sentence Motion, 11/7/22, at ¶ 5b (citing PSI at 3-4 & PSI Exhibit). Additionally, he argued that he was an older inmate, born in 1969, and that recidivism rates decrease as an individual ages. Based on this information, he argued that the trial court imposed a manifestly unreasonable and excessive sentence without considering the sentencing factors required by Section 9721(b) of the Sentencing Code. *See* 42 Pa.C.S. § 9721(b).

The trial court held a hearing on the motion in which Toro reiterated the arguments made in his motion. He requested a reduction in the sentence on all counts based on the mitigating evidence but specifically argued that the above-aggravated-range sentence on the count of unlawful restraint was inappropriate under the circumstances.

The trial court denied the motion, explaining:

**THE COURT**: – one thing that weighed heavily on my heart, as to the victim in this case, is that she was in a wheelchair. . . She was also, though not a blood relative, but a family member of the defendant in this matter.

She – I did have the privilege of hearing her testimony in court. I distinctly remember this case. She was terrified to come in and present her testimony, though she did have enough courage to do so. She cried the entire time, as she sat before him and a number of people in this courtroom. . . .

- 5 -

She was – I'm trying to look through my notes, but I know that she wasn't a young woman. She was at least in her mid-40s. Her husband also testified, and his testimony was heart-breaking, as well.

But the fact that someone who was so physically vulnerable in that she didn't have the physical capacity to flee from him, the assault took place upstairs, and she couldn't exit the location and escape him by any means, because she discussed how she had to – in order for her to mobile herself up and down the stairs was sort of seated step by step by step.

And even when he came to the home, she heard the knock at the door, thinking it was her husband, and it wasn't. It was him. And how devastated she was after the incident and afraid to even tell her husband, because she feared for what her husband was going to do and she didn't want to lose him to the criminal justice system.

So, those are some of the things that I kept in mind as well with my sentencing, how devastated they were as a family from the incident. So, I was aware of some of his issues, but I was also aware of his background and history, as well.

N.T., 11/28/22, at 9-11 (cleaned up). Toro timely appealed and he and the trial court have complied with Pa. R.A.P. 1925.

## II.

On appeal, Toro argues that the trial court abused its discretion in imposing a manifestly excessive and unreasonable sentence under the circumstances while failing to consider mitigating evidence. He argues that the trial court was not justified in imposing a sentence above the aggravated range of the guidelines for unlawful restraint and sentences of the statutory

limit for the counts of rape and simple assault, though the latter two charges fell within the standard range of the guidelines.[5]

**A.**

Before considering the merits of Toro's claim, we must consider whether he has properly invoked this Court's jurisdiction. ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). A defendant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, and include a statement of reasons for allowance of appeal pursuant to Pa. R.A.P. 2119(f) in his brief and raise a substantial question for review. ***Id***. Toro has complied with the first three requirements, so we must consider whether he has raised a substantial question.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

---

[5] Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Wallace***, 244 A.3d 1261, 1278–79 (Pa. Super. 2021) (citation omitted).

to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1286–87 (Pa. Super. 2013) (citation omitted). We have previously held that a defendant presents a substantial question when he alleges that the trial court exceeded the aggravated range of the sentencing guidelines without justification. ***See Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008). Moreover, a defendant presents a substantial question when he or she alleges that the court imposed a manifestly excessive sentence without considering mitigating evidence. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270-71 (Pa. Super. 2013). Toro has alleged both of these abuses of discretion in his 2119(f) statement. As a result, we find that he has raised a substantial question and proceed to the merits of his claim.

**B.**

When imposing a sentence, a trial court must ensure that the sentence is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations [enunciated in that section]." ***Commonwealth v. Coulverson***, 34 A.3d 135, 145 (Pa. Super. 2011) (citations omitted). A

sentencing court is not required to impose the "minimum possible confinement," but rather must craft an individualized sentence after considering "the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citations omitted). "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019) (internal quotations & citation omitted).

Pursuant to subsection 9781(c)(2), when the sentencing court has imposed a sentence within the guidelines, we must vacate and remand if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). If the sentence is outside the guidelines, we must vacate and remand if "the sentence is unreasonable," otherwise, we must affirm. 42 Pa.C.S. § 9781(c)(3). Reasonableness is assessed in two distinct ways. In assessing reasonableness, Section 9781(d) states that we shall consider the following:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). "A sentence may be found unreasonable if it fails to properly account for these four statutory factors . . . [or] if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." ***Commonwealth v. Durazo***, 210 A.3d 316, 321 (Pa. Super. 2019) (citation omitted, bracketing in original).

While its initial explanation of its sentencing rationale was sparse, our review of the record as a whole, including the reconsideration hearing, reveals that the trial court considered all required sentencing factors and did not abuse its discretion in crafting Toro's sentence. ***Coulverson***, ***supra***. The trial court reviewed Toro's PSI before sentencing, which included information about his childhood, upbringing, physical and mental health issues, employment history and drug use. Toro supplemented this information with his integrated correctional plan which showed that he had completed a violence prevention program and informed the trial court that he was employed as a block worker. His motion for reconsideration did not introduce any new information that the trial court had not previously considered prior to resentencing. In addition, the trial court heard Toro's allocution in which he disputed his guilt based on a lack of DNA evidence and informed the court that he had been employed while incarcerated and was never subject to solitary confinement.

Though it considered this mitigating evidence, the trial court was nonetheless persuaded that the aggregate sentence of 13.5 to 27 years'

imprisonment, including the above-aggravated-range sentence on the count of unlawful restraint, was appropriate based on the facts of Toro's offense, his background and significant criminal record, and the impact of his crimes on the victims. The trial court had sat as fact-finder in this case and recalled the testimony of both victims. It recounted that Ms. Colon was confined to a wheelchair at the time of the rape, was related to Toro and experienced significant distress about reporting the crime and testifying to the incident in court. While the sentence for the count of unlawful restraint exceeded the aggravated range of the guidelines, which recommended a minimum of 21 months' incarceration, it did so by only 9 months. On this record, we cannot conclude that the trial court failed to consider mitigating evidence and the required factors under the Sentencing Code when it imposed Toro's sentence or that the sentence was unreasonable under the circumstances of the case. *See Hill*, *supra*. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023

- 11 -